An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY CROSS,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 64467

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

On July 30, 2012, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing, which resulted in a finding of guilt of MJ 2 (assault) and MJ 3 (battery), and the forfeiture of credit. Appellant claimed that he was deprived of due process because the disciplinary hearing officer failed to provide evidentiary reports or allow him to call relevant witnesses, failed to determine the reliability of the evidence and the person offering it, failed to allow appellant the right to give a statement on his behalf, failed to provide appellant with a copy of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19177

disciplinary form III, failed to allow him to appeal, and found him guilty with inadmissible and insufficient evidence.

Appellant failed to demonstrate a violation of due process because he received: (1) advance written notice of the charges; (2) written statement of the fact finders of the evidence relied upon and the reasons for disciplinary action; and (3) a qualified right to call witnesses and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Confrontation and cross-examination in prison disciplinary proceedings are not required because these procedures present "greater hazards to institutional interests." *Id.* at 567-68. Further, some evidence supports the decision by the prison disciplinary hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and therefore, appellant failed to demonstrate that he was entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ *Pickering* _____, J.
Pickering

_____ _____, J.        _____ _____, J.
Parraguirre                                  Saitta

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Steve L. Dobrescu, District Judge
Anthony Cross
Attorney General/Carson City
White Pine County District Attorney
Attorney General/Ely
White Pine County Clerk